UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Rebekah Liming, | Case No. 21-30384 |
| Debtor. | |

| | |
|---|---|
| Rebekah Liming, | |
| Plaintiff, | Adv. Case No. 21-03039 |
| v. | |
| United States Department of Education and Ascendium Education Group, Inc. | |
| Defendants. | |

ANSWER OF THE DEFENDANT
UNITED STATES DEPARTMENT OF EDUCATION

NOW COMES the Defendant United States Department of Education (hereinafter "ED") by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Liles H. Repp, Assistant United States Attorney, and answers Plaintiff Rebekah Liming's Amended Adversary Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(8) (hereinafter "Amended Complaint") as follows:

1.     Except as expressly admitted, qualified, or explained herein, ED denies each and every allegation of the Amended Complaint.

1

2.       Pursuant to Fed. R. Bank. P. 7012(b), the ED consents to entry of final orders or judgment by the Bankruptcy Court with regard to this adversary proceeding.

3.       As to paragraph 1 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegation concerning Plaintiff's place of residency and therefore puts Plaintiff to her strict proof. ED admits the remaining allegations in Paragraph 1 of the Amended Complaint. Upon information and belief, ED asserts that Plaintiff was formerly known as Rebekah K. Dittman.

4.       In answering the allegations in Paragraph 2 of the Amended Complaint, ED admits that it is an executive department and an agency within the meaning of 5 U.S.C. § 701(b)(1), with headquarters located at 400 Maryland Avenue SW, Washington, DC 20202. ED further admits that Plaintiff is indebted to ED for certain outstanding student loans to attend Minnesota West Community and Technical College and the University of South Dakota and that ED holds certain of the Plaintiff's student loan debt. ED affirmatively asserts that it is the holder of a Direct Loan master promissory note executed on or about August 20, 2012, by Plaintiff for $36,322.72 in student loans as follows:

| Date of Disbursement | Amount Disbursed | Interest due | Current Principal | Total Due as of 12/09/2021 |
|---|---|---|---|---|
| 09/13/2012 | $3,500.00 | $78.68 | $3,559.98 | $3,638.66 |
| 09/13/2012 | $6,000.00 | $1,104.84 | $6,819.09 | $7,923.93 |
| 09/03/2013 | $3,500.00 | $89.61 | $3,568.10 | $3,657.71 |
| 09/03/2013 | $6,000.00 | $573.56 | $6,234.75 | $6,808.31 |
| 01/23/2015 | $3,500.00 | $0.00 | $3,496.91 | $3,496.91 |
| 01/23/2015 | $1,743.00 | $0.00 | $1,914.09 | $1,914.09 |
| 09/04/2015 | $4,500.00 | $0.00 | $4,496.11 | $4,496.11 |
| 09/04/2015 | $1,737.00 | $0.00 | $1,839.28 | $1,839.28 |
| 09/12/2016 | $983.00 | $0.00 | $982.31 | $982.31 |
| 09/12/2016 | $1,534.00 | $0.00 | $1,565.41 | $1,565.41 |

This master promissory note is held by ED under the William D. Ford Federal Direct Loan Program (hereinafter "Direct Loan") pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq*. (34 C.F.R. Part 685). As of December 9, 2021, the current balance due on Plaintiff's master promissory note is $36,322.72 ($34,476.03 in principal plus $1,846.69 in interest). ED has received $0.00 in payments on these loans. Interest accrues at $0 per day due to the CARES Act that suspended interest accruals until May 31, 2022.

5.      In response to Paragraph 3 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

6.      ED admits the allegations in Paragraph 4 of the Amended Complaint.

7.      ED admits the allegations in Paragraph 5 of the Amended Complaint.

8.      ED admits the allegations in Paragraph 6 of the Amended Complaint.

9.      Paragraph 7 of the Amended Complaint is the Plaintiff's consent to entry of final orders or judgment to which no answer is required. To the extent an answer is required, ED admits the allegations.

10.     In response to Paragraph 8 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

11.     In response to Paragraph 9 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

12.     In response to Paragraph 10 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

13.     In response to Paragraph 11 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

14.     In response to Paragraph 12 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

15.     In response to Paragraph 13 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

16.     In response to the first sentence of Paragraph 14 of the Amended Complaint, ED admits that ED holds a promissory note executed by the Plaintiff in the amount specified in Paragraph 4 of this answer and that it is a proper party to this action.  As to the second sentence of Paragraph 14, ED admits that the Plaintiff's student loans owed to ED are serviced by Great Lakes servicing but denies the remainder of the allegations in the sentence and affirmatively asserts that the loans owed by Plaintiff to ED total $36,322.72 as explained in ED's response to Paragraph 2 of the Amended Complaint.

17.     In response to Paragraph 15 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

18.    In response to Paragraph 16 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

19.    In response to Paragraph 17 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

20.    In response to Paragraph 18 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

21.    In response to Paragraph 19 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

22.    In response to Paragraph 20 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

23.    In response to Paragraph 21 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

24.    In response to Paragraph 22 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

25.     In response to Paragraph 23 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

26.     In response to Paragraph 24 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

27.     In response to Paragraph 25 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

28.     In response to Paragraph 26 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

29.     In response to Paragraph 27 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

30.     In response to Paragraph 28 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

31.     In response to Paragraph 29 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

32.     Paragraph 30 of the Amended Complaint constitutes Plaintiff's incorporation of paragraphs 1 through 29 of the Amended Complaint, to which no response is required. To the extent a response is required, ED realleges and incorporates its responses contained in paragraphs 1 through 31 of this Answer.

33.     In response to Paragraph 31 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

34.     In response to Paragraph 32 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

35.     In response to Paragraph 33 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

36.     In response to Paragraph 34 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

37.     In response to Paragraph 35 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

38.     In response to Paragraph 36 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

39.     In response to Paragraph 37 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

40.     In response to Paragraph 38 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

41.     In response to Paragraph 39 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

42.     In response to Paragraph 40 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof

43.     In response to Paragraph 41 of the Amended Complaint, ED lacks information or knowledge on which to form an opinion sufficient to answer the allegations and therefore puts Plaintiff to her strict proof.

44.     The remainder of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent an response is required, ED denies the allegations.

AFFIRMATIVE DEFENSES

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE defendant ED prays for relief as follows:

8

1.      Dismissing plaintiff's Amended Complaint with prejudice

2.      Declaring the defendant U.S. Department of Education student loan

indebtedness against Plaintiff Rebekah Liming is nondischargeable pursuant to 11 U.S.C.

§ 523(a)(8).

3.      Such other and further relief as the Court deems just and equitable.

Dated:    February 1, 2022

CHARLES J. KOVATS, JR
Acting United States Attorney

/e/ Liles H. Repp

BY:  LILES H. REPP
Assistant U.S. Attorney
Attorney ID No. 0400692
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5658
Fax:  (612) 664-5788
Email: Liles.Repp@usdoj.gov

Attorneys for the U.S. Department
 of Education

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Chapter 7

Rebekah Liming,                                 Case No. 21-30384

      Debtor.

---

Rebekah Liming,

      Plaintiff,                            Adv. Case No. 21-03039

v.                                              **UNSWORN CERTIFICATE OF**
                                                **SERVICE**

United States Department of Education and
Ascendium Education Group, Inc.

      Defendants.

---

I, <u>Liles H. Repp</u>, employed by the Office of the United States Attorney, with office address 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, declare that on <u>February 1, 2022,</u> I caused to be served a copy of the following documents:

**Answer of the Defendant United States Department of Education**

mailed by first class mail, postage paid, to the following non-ECF participants by enclosing same in an envelope with first class mail postage and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Ascendium Education Group, Inc.
c/o Patricia Kingston
2501 International Lane
Madison, WI 53704

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed:  <u>February 1, 2022</u>        Signed:      <u>/e/ Liles H. Repp</u>
                                                LILES H. REPP
                                                Assistant U. S. Attorney

1